UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| McLORDAN BAUTISTA,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>             Respondent. | No. CV 14-6608 R (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") on or about August 14, 2014. Petitioner challenges a 2004 conviction and sentence. Petitioner filed a petition for review on direct appeal with the California Supreme Court, which petition was denied without prejudice on August 24, 2005. (Petition at ¶ 9(g).)

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). A proof of service attached to the Petition states that the Petition was placed in the prison mailing system on August 14, 2014.

**1.     LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, petitioner does not appear to have filed a *certiorari* petition in the United States Supreme Court. (*See* Petition (apparently inadvertently stating that United States Supreme Court petition was filed, but stating that case number, result, and date of result are not applicable, presumably because no petition was filed).) Thus, under section 2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527-32 and nn.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Therefore, petitioner's conviction became final on November 22, 2005. Accordingly, the one-year limitations period expired on November 22, 2006. *Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until August 14, 2014, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2. STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner does not appear to be entitled to any statutory tolling. Petitioner does not allege that he filed any habeas petitions prior to the November 22, 2006 expiration of his limitations period.

## 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the

3

1 petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560
2 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner
3 bears the burden of showing that equitable tolling is appropriate. *Miranda v.*
4 *Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

5     Petitioner has not made any allegation that suggests that equitable tolling
6 may be appropriate. Petitioner has made no showing of extraordinary
7 circumstances or of diligence, therefore, petitioner has not demonstrated that he is
8 entitled to equitable tolling.

9 **4.    ORDER TO SHOW CAUSE**

10     Petitioner vaguely states that he could not have discovered the factual
11 predicate for his claims prior to the filing of the Petition. Petitioner does not
12 explain what factual predicate he is referring to, when and how he discovered it,
13 and why he did not discover it earlier. Under these allegations, petitioner has not
14 demonstrated that he is entitled to a later start date. Therefore, and because the
15 Petition does not demonstrate any basis for tolling the statute, the Court orders
16 petitioner to show cause in writing within 15 days of the date of this order why
17 the Petition should not be dismissed as time-barred. If petitioner fails to provide
18 a timely response to this order, the Court will recommend that the Petition be
19 dismissed as time-barred.

20     IT IS SO ORDERED.

22 DATED: September 16, 2014

                                      /S/ FREDERICK F. MUMM
                                      FREDERICK F. MUMM
                                  United States Magistrate Judge